Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Phone #: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CATARINA ALMEIDA PORFIRIO**

*Plaintiff,*

vs.

**KRISTI NOEM, ET AL**
*Defendants.*

**CASE N: 1:25-CV-04055-RC**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND DISMISS**

### INTRODUCTION

Defendants ask this Court to transfer or dismiss a case that is properly before it by invoking a rigid venue rule that Judge Contreras has expressly declined to adopt. Section 1404(a) does not mandate transfer merely because a USCIS service center issued a denial, nor does it permit transfer where doing so would impose severe, outcome-determinative prejudice on the plaintiff. See *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 331–32 (D.D.C. 2020) (Contreras, J.).

This motion should be denied. Transfer would effectively deprive Plaintiff of counsel of choice, distort the interest-of-justice analysis, and improperly elevate the location of a ministerial

- 1

service center over the agencies that actually control the challenged decision. Judge Contreras's Section 1404(a) decisions require more.

## LEGAL STANDARD

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice," a district court may transfer a civil action to any other district "where it might have been brought." 28 U.S.C. § 1404(a). The statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); see also *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (noting § 1404(a) was designed to permit transfer upon a "lesser showing of inconvenience" than required under forum non conveniens). Judge Contreras has likewise emphasized that § 1404(a) requires an individualized inquiry grounded in fairness, and that the moving party bears the burden of persuasion. *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014).

A court considering transfer typically proceeds in two steps: (1) whether the action could have been brought in the proposed transferee district; and (2) whether transfer would serve "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a); see, e.g., *Starnes v. McGuire*, 512 F.2d 918, 925 (D.C. Cir. 1974) (en banc). In this District, the second step is evaluated through a non-exhaustive set of private and public interest factors, including: (i) the plaintiff's choice of forum; (ii) the defendant's choice of forum; (iii) where the claim arose; (iv) the convenience of the parties; (v) the convenience of the witnesses (particularly non-party witnesses); (vi) the ease of access to sources of proof; (vii) the transferee court's familiarity with the governing law; (viii) relative docket congestion; and (ix) the local interest in deciding local

- 2 -

controversies at home. See, e.g., *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996); *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 128–29 (D.D.C. 2001).

The moving party bears the burden to establish that transfer is warranted. *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (per curiam); *Hawksbill Sea Turtle v. FEMA*, 939 F. Supp. 1, 5 (D.D.C. 1996). Because transfer under § 1404(a) is discretionary, courts deny transfer where the movant fails to make a strong showing or where the factors are in equipoise. See *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000) (transfer should not "merely shift inconvenience from one party to another"); see also *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 331–33 (D.D.C. 2020) (Contreras, J.) (denying transfer where the balance of factors did not affirmatively favor it). Plaintiff's chosen forum is generally accorded deference—especially where the forum has a meaningful connection to the dispute—and that choice should not be disturbed absent a clear showing that transfer would better serve convenience and justice. See *Greater Yellowstone*, 180 F. Supp. 2d at 129.

Finally, the weight of certain convenience considerations depends on the nature of the case. In APA actions ordinarily resolved on the administrative record, the location of documents and the convenience of witnesses typically carry less significance because the court's review is confined to the record and legal questions predominate. See *Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 55 (D.D.C. 2012); *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 14–15 (D.D.C. 2000). Accordingly, Defendants must do more than point to the geographic location of a service center; they must demonstrate, with particularity, that the balance of convenience and the interest of justice favor transfer.

**ARGUMENT**

- 3

## I.    TRANSFER WOULD OPERATE AS A FUNCTIONAL DISMISSAL AND FAIL THE INTEREST OF JUSTICE REQUIREMENT

The interest of justice is not a secondary consideration; it is a limiting principle. Judge Contreras has treated it as such, declining to order transfer absent a showing that justice would be affirmatively served. See *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 331 (D.D.C. 2020) (Contreras, J.); see also *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000).

Here, transferring this action to the Northern District of Texas would effectively deprive Plaintiff of her chosen counsel, who is not admitted in that district, and would impose substantial delay and expense to secure new counsel or admission. Courts in this District recognize that practical prejudice of this kind bears directly on the interest-of-justice inquiry. See, e.g., *Ravenell v. Van Buren*, 2019 WL 6617363, at *5 (D.D.C. Dec. 5, 2019) (noting interest-of-justice concerns may include "practical problems that make trial of a case easy, expeditious, and inexpensive" (quoting *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996))). Transfer is inappropriate where it would "effectively deny" a party a meaningful opportunity to litigate, particularly in time-sensitive APA cases seeking review of agency action on an administrative record.

Defendants, as the movants, bear the burden to show that transfer is warranted. See *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (per curiam) (movant bears burden under § 1404(a)); *Hawksbill Sea Turtle v. FEMA*, 939 F. Supp. 1, 5 (D.D.C. 1996) (same). Nothing in § 1404(a) authorizes transfer where the practical effect is to terminate the litigation through loss of counsel, prohibitive cost, or delay—particularly where, as here, the case will be resolved on a fixed administrative record and the convenience factors are at best neutral. See, e.g., *Demery v. Montgomery Cnty.*, 602 F. Supp. 2d 206, 210 (D.D.C. 2009), *Starnes v. McGuire*, 512 F.2d 918, 933 (D.C. Cir. 1974) (en banc).

## II. DEFENDANTS MISCHARACTERIZE THE LOCUS OF DECISIONMAKING

Defendants' venue theory rests almost entirely on the location of the USCIS service center that issued the denial. Judge Contreras has rejected this mechanical approach, emphasizing that § 1404(a) requires a practical, fact-specific assessment rather than a rigid rule keyed to where a ministerial action occurred. See *Wolfram Alpha*, 490 F. Supp. 3d at 331–32 (declining to adopt a "service-center-issues-the-denial" rule and focusing instead on where the decision is controlled and implemented). Other courts in this District likewise look to where the operative decisionmaking and policymaking occurred—not merely where paperwork was processed. See, e.g., *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 47 (D.D.C. 2006) (in APA cases, the "material events" often occur where "the decisionmakers" acted); *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 15 (D.D.C. 2000) (same).

Service centers do not establish policy or interpret governing legal standards. They act pursuant to authority delegated by DHS and USCIS leadership and apply nationwide statutes, regulations, and agency guidance. DHS is headquartered in Washington, D.C., and USCIS leadership is nearby in the Washington metropolitan area. Where challenged action reflects national policy or centralized supervision, this District has a meaningful connection to the dispute. See, e.g., *Aftab v. Gonzales*, 597 F. Supp. 2d 76, 81 (D.D.C. 2009) (noting that in APA immigration cases, "the decisionmaking process" and "policy" may be centered in Washington, D.C.); *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) (recognizing that for claims challenging federal policy, the locus of events may be where officials responsible for policy are located). The operative question is not where a file was stamped, but where the challenged agency action is directed, supervised, and defended.

## II.    PLAINTIFF'S CHOICE OF FORUM IS ENTITLED TO MEANINGFUL DEFERENCE

Judge Contreras has made clear that a plaintiff's choice of forum is entitled to meaningful deference and is not ignored simply because the plaintiff does not reside in the District of Columbia. *Wolfram Alpha*, 490 F. Supp. 3d at 331. The D.C. Circuit likewise recognizes that a plaintiff's selection should rarely be disturbed absent a strong showing that the balance of factors "strongly favors" transfer. See *In re Scott*, 709 F.2d at 720; see also *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 129 (D.D.C. 2001) (plaintiff's choice is ordinarily accorded deference; transfer requires more than a "close" call).

This District has a substantial connection to the case. DHS leadership is headquartered here, USCIS leadership is nearby, and Plaintiff challenges agency action governed by nationwide standards. In APA actions, the "center of gravity" may lie in Washington where agency leadership promulgates and oversees the policies that constrain field adjudicators and where the Government typically defends the legality of those policies. See *Nat'l Ass'n of Home Builders v. EPA*, 675 F. Supp. 2d 173, 177 (D.D.C. 2009) (recognizing that the District has a strong interest where "federal policy decisions" are made and defended); *Otay Mesa Prop., L.P. v. U.S. Dep't of the Interior*, 584 F. Supp. 2d 122, 125 (D.D.C. 2008) (noting that in APA cases "the location of the administrative record and the decisionmakers" are relevant considerations). Defendants' approach would improperly collapse deference to Plaintiff's chosen forum by treating any service-center address as dispositive.

### IV. THE PRIVATE AND PUBLIC INTEREST FACTORS DO NOT SUPPORT TRANSFER

There will be no discovery, no witnesses, and no trial. The administrative record is equally accessible in any district, and the convenience of party witnesses is largely irrelevant in record-review APA litigation. See, e.g., *Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F.

Supp. 2d 49, 55 (D.D.C. 2012) (in APA cases, because review is generally limited to the administrative record, "the convenience of witnesses is less significant"); *Wilderness Soc'y*, 104 F. Supp. 2d at 14–15 (same). At most, the convenience factors are neutral, which does not justify transfer. *Wolfram Alpha*, 490 F. Supp. 3d at 333; see also *Reiffin*, 104 F. Supp. 2d at 52.

The public-interest factors likewise do not support transfer. This Court is fully capable of adjudicating APA and immigration-related claims against federal agencies headquartered in this District, and the District has a strong interest in the legality of actions taken by federal departments and leadership located here. See, e.g., *Hand & Hand, LLC v. U.S. Dep't of Health & Hum. Servs.*, 21 F. Supp. 3d 8, 18 (D.D.C. 2014) (public interest includes local interest in resolving controversies connected to the forum); *Douglas v. Chariots for Hire*, 918 F. Supp. 2d 24, 33 (D.D.C. 2013) (same). And where the record and legal issues are the same in either forum, defendants cannot satisfy their burden by pointing to a nominally "local" service-center location. See *Starnes*, 512 F.2d at 932–33 (interest-of-justice and public factors are part of the transfer calculus; transfer is not automatic).

## CONCLUSION

Defendants have not met their burden under Section 1404(a). Their motion should be denied.

Respectfully submitted on March 6, 2026

/s/ Marcelo Gondim
_____
Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-777
Email: court@gondim-law.com
*Attorneys for Plaintiff*